JOHN CULLEN ET AL.

V.

BORDERS & BOYLE.

ESTOPPEL.—Where A, who had given a note and mortgage to B, subsequently accompanied B to the bank, and indorsed on the back the amount still due on the note, and the bank bought the note, A is estopped from setting up that there was no consideration to the note.

ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 27, 1885.

Mr. J. B. SIMPSON and Mr. RALPH E. SPRIGG, for plaintiffs in error.

Mr. R. J. GODDARD and Mr. JOHN MICHEN, for defendant in error.

PILLSBURY, P. J. The defendants in error filed their bill in chancery to foreclose a mortgage given by plaintiffs in error to one William Murphy, and by him assigned to the complainants.

The note and mortgage bore date March 21, A. D. 1874, and were given for $2,500. At the time the note was assigned to complainants there were some indorsements upon it of payments made. The bill averred that $607.92 was still due upon the mortgage and note, and prayed for a decree of foreclosure and the sale of the premises for the payment of the amount. The answer denied any indebtedness to Murphy at the time the mortgage was given, or to his assignees, the complainants.

Upon a hearing the court found for the complainants and rendered a decree for the said sum of $607.92, and the interest due thereon, and the defendants below sued out this writ of error to reverse the decree. Borders, one of the complainants, testified that Murphy and Cullen came to the

Cullen v. Borders & Boyle.

bank of complainants, and Murphy desired to sell them the note and mortgage; and he, noticing the note was past due, asked them to figure up the amount that was then due upon the note and agree upon the amount, and that they then went into another room, and soon returning stated to him that they had agreed the amount was $607.92, when he wrote upon the note the following: "There is six hundred seven and 92-100 dollars due on this note, this February 7, 1882," and that Cullen wrote his name under such indorsement as it now appears. The complainants then purchased the note, and that subsequently Cullen paid on it $60.80, which is now indorsed.

The defendant Cullen testifies that he did not owe Murphy anything at time the note and mortgage was given, but being security for his brother Daniel, he feared he might lose his property through his brother's failure to pay, and he made the note and mortgage to protect himself from such creditors of his brother. He does not deny being present when the note was assigned to complainants, nor that he signed the indorsement of the amount due, but thinks the indorsement was not upon it at time he wrote his name. The whole testimony considered, we entirely agree with the circuit court in its conclusion that Borders' testimony as to what occurred when they purchased the note is to be relied upon, and this being so, in the view we take of the case, it is unnecessary to determine whether the note and mortgage were given to Murphy without consideration or not, as Cullen, by his conduct at the bank in agreeing upon the amount due, and thereby inducing the complainants to purchase the note, has estopped himself from relying upon the defense of no consideration for it. It is quite evident that if he then had told the truth to Borders about the matter, the complainants would not have invested their money or securities in the note and mortgage. He then having given them to understand that the note and mortgage were valid, when he ought to have informed them of the facts attending their execution, can not now be heard to say that he had not told the truth to them.

The case of Smith v. Newton, 38 Ill. 230, is in point and must control the decision of this. There Smith told Newton

that the mortgage was a valid lien before Newton bought it, which statement induced the purchase of it by Newton, and it was held that the doctrine of estoppel *in pais* would apply to Smith, and he could not show in contradiction of his statements to Newton that it was not a valid lien.     Under the authority of that case, and others not necessary to cite, where the same rule has been applied, the court below was right in decreeing a foreclosure, and the decree will be affirmed.

Decree affirmed.